IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JORDAN MICHAEL DAVIS**                                                                                     **PLAINTIFF**

v.                                       **Case No. 4:25-cv-00429-LPR**

**KAYLA POTTS,** *Officer***, et al.**                                                                      **DEFENDANTS**

### ORDER

Before the Court is Plaintiff Jordan Davis's Motion for Leave to Proceed *in forma pauperis*.[1] "The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure 'that indigent persons will have equal access to the judicial system.'"[2] Whether an applicant qualifies for IFP status, however, "is within the sound discretion of the trial court . . . ."[3] Mr. Davis's IFP application reflects that he has a monthly take-home pay of $2,684, savings totaling $3,500, minimal expenses, and no dependents.[4] Thus, neither his earnings nor his savings entitle him to be treated as indigent and excused from paying the $405 filing fee. Mr. Davis's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) is DENIED.

Mr. Davis also moves for the appointment of counsel.[5] While a *pro se* litigant has no constitutional or statutory right to counsel, the Court may, in its discretion, appoint counsel where an indigent plaintiff has brought a non-frivolous claim and "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."[6] In making this decision,

---

[1] Mot. for Leave to Proceed *in forma pauperis* (Doc. 1).

[2] *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (quoting *Greaser v. Mo. Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998)).

[3] *Id*. (quoting *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983)).

[4] Mot. for Leave to Proceed *in forma pauperis* (Doc. 1).

[5] Mot. for Appointment of Counsel (Doc. 3).

[6] *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments."[7] The appointment of counsel hinges on indigency, but the Court has found that Mr. Davis is not indigent. Moreover, the Court finds that Mr. Davis is capable of representing himself at this time. This case is young, and his claims do not appear to be legally or factually complex. Mr. Davis's Motion for Appointment of Counsel (Doc. 3) is therefore DENIED without prejudice to re-filing at a later stage of litigation.

Mr. Davis has thirty (30) days from the date of this Order to pay the full filing fee of $405.00. If he fails to pay the filing fee, his Complaint will be dismissed without prejudice. Mr. Davis is further advised that he will be responsible, once the filing fee is paid, for obtaining service of process on the named Defendants.[8]

IT IS SO ORDERED this 9th day of January 2026.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[7] *Id*. (quoting *Phillips v. Jasper Cnty. Jail*, 437 F.3d 790, 794 (8th Cir. 2006)).

[8] By issuing this decision, the Court implicitly GRANTS Mr. Davis's Motion for Ruling (Doc. 6), which asks that the Court rule on Mr. Davis's IFP motion and his motion for counsel.